### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

LEONARD A. SACKS & ASSOCIATES,
P.C.,

        *Plaintiff*,

    v.

INTERNATIONAL MONETARY FUND,

        *Defendant*.

Civil Action No. 20-2266 (TJK)

### <u>MEMORANDUM OPINION</u>

Plaintiff filed this lawsuit in the Superior Court of the District of Columbia seeking to modify an arbitration award related to fees for legal work it performed for Defendant International Monetary Fund.  Defendant removed the case, then moved to dismiss, arguing that the Court lacks subject-matter jurisdiction because it is immune from suit.  For the reasons explained below, the Court will grant the motion and dismiss the case.

## I.    Background

In 2011, Plaintiff Leonard A. Sacks & Associates, P.C. ("Sacks") contracted to provide legal services to Defendant International Monetary Fund (the "Fund") relating to a dispute with a subcontractor that was renovating the Fund's headquarters.  ECF No. 1-1 at 7.  The parties then amended the contract to make Sacks' fees contingent on its ability to settle claims for reduced amounts.  *Id.*  By April 2016, Sacks had settled all but two of the claims.  *Id.*  The Fund calculated Sacks' fee as $4,152,945 but paid Sacks only $2,369,000.  *Id.* at 8.  Sacks requested a breakdown of the calculation, but the Fund refused and represented to Sacks that the parties would "square up" when a remaining claim was settled.  *Id.* at 8.  In May 2017, that claim settled, and Sacks requested a final accounting.  *Id.*  But then, the Fund told Sacks that it owed

no further payments.  *Id.*

The next month, Sacks demanded arbitration.  After two days of hearings, in November 2019, an arbitration panel awarded Sacks $39,918.82.  *Id.* at 8, 46.  And in January 2020, Sacks sued the Fund in the Superior Court of the District of Columbia, asking the court to modify or vacate the award.  *Id.* at 6.  The Fund removed the case, then moved to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction because, it asserts, it is immune from suit.  ECF No. 4-1 at 6.  The Fund also argued, in the alternative, for dismissal under Rule 12(b)(5) for insufficient service and under Rule 12(b)(6) for failure to state a claim.  *Id.* at 10–11.

## II.     Legal Standard

To survive a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a plaintiff bears the burden of establishing that the Court has jurisdiction.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  While the Court must accept as true all the factual allegations contained in the complaint when reviewing such a motion, *Leatherman v. Tarrant Cty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993), because the plaintiff has the burden of proof to establish jurisdiction, the plaintiff's factual allegations "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim," *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (cleaned up).  "[I]n determining whether it has jurisdiction over the case, the Court 'may consider materials outside of the pleadings.'"  *Gordon v. Office of the Architect of the Capitol*, 750 F. Supp. 2d 82, 87 (D.D.C. 2010) (quoting *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)).

## III.    Analysis

The Fund argues that it has broad immunity from suit, it has not waived that immunity,

and as a result, the Court lacks subject-matter jurisdiction.  Sacks does not dispute the Fund's immunity but contends it was waived.  The Court agrees with the Fund.

### A.      The Fund's Immunity

Under the Fund's Articles of Agreement, implemented by the Bretton Woods Agreements Act (BWAA), 22 U.S.C. § 286 *et seq.*, the Fund enjoys "immunity from every form of judicial process except to the extent that it expressly waives its immunity for the purpose of any proceedings or by the terms of any contract."  Articles of Agreement of the International Monetary Fund, Art. IX, § 3, Dec. 27, 1945, 60 Stat. 1413, T.I.A.S. No. 1501; *see also* 22 U.S.C. § 286h.  Although the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1602 *et seq.*, through the International Organizations Immunities Act (IOIA), 22 U.S.C. § 288 *et seq.*, narrowed the immunity of many international organizations, the Supreme Court recently reaffirmed the broader scope of the Fund's immunity established by its articles of agreement. *See Jam v. Int'l Fin. Corp.*, 139 S. Ct. 759, 771–72 (2019) (noting that "[i]f the work of a given international organization would be impaired by restrictive immunity, the organization's charter can always specify a different level of immunity," and citing the Fund as an example of an organization that had done so).  The effect of the Fund's immunity is to deprive the Court of subject-matter jurisdiction over this case.  *Polak v. Int'l Monetary Fund*, 657 F. Supp. 2d 116, 120–23 (D.D.C. 2009); *see also Hill v. Smoot*, 308 F. Supp. 3d 14, 20 (D.D.C. 2018).

### B.      Whether the Fund Waived Its Immunity

The parties' dispute concerns waiver.  First, Sacks argues that the Fund waived its immunity by "incorporating" the American Arbitration Association Rules into the contract between the parties.  ECF No. 6 at 2–3.  To be exact, the contract states that any disputes "shall be finally settled by binding arbitration administered by the American Arbitration Association

(AAA) in accordance with its Commercial Arbitration Rules then in effect." ECF No. 1-1 at 59. In turn, Sacks points to a provision of the AAA Rules that provides: "Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." AAA Rule R-52(c). According to Sacks, "if the IMF has, through the AAA Rules, consented to the jurisdiction of federal or state courts regarding the entry of judgment regarding the arbitration award in this matter, it has subjected itself to the jurisdiction of those courts with regard to modification or vacating of that same award." ECF No. 6 at 2.

The problem for Sacks is that the preamble to the contractual provision that refers to the AAA Rules specifically reaffirms the Fund's immunity notwithstanding the contract's reference to any other documents. It states: "[N]otwithstanding anything to the contrary in this Agreement *or any documents to which it refers* . . . submission of a claim or dispute to arbitration . . . shall not be considered to be a waiver of the immunities of the [Fund]." ECF No. 1-1 at 59 (emphasis added). Moreover, the AAA Rules permit parties to "vary the procedures set forth in these rules" by agreement. AAA Rule 1(a). The contract does just that by expressly preserving the Fund's immunity.

Sacks also points the Court to *Haire v. Smith, Currie & Hancock*, 925 F. Supp. 2d 126 (D.D.C. 2013), but that case does not help its cause. In particular, Sacks cites the following passage: "[W]hen . . . parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." *Haire*, 925 F. Supp. 2d at 132 (quoting *Contec Corp. v. Remote Solution, Co.*, 398 F.3d 205, 208 (2d Cir. 2005)). But the parties do not dispute that their case was arbitrable. And *Haire* did not address the question of immunity at all.

4

Second, Sacks argues that the contract's reference to District of Columbia law waived the Fund's immunity.  The relevant provision states that "[t]he arbitral case shall be decided according to the terms of the Contract and the law of the District of Columbia."  ECF No. 1-1 at 59.  Sacks contends that, by "requiring that this case be 'decided' in accordance with the law of the District of Columbia," the contract gives this Court authority to vacate the award "in accordance with" D.C. Code § 16-4424.  ECF No. 6 at 3.  Not so fast.  That provision does not submit the Fund to the jurisdiction of any court, let alone waive the Fund's immunity; it merely identifies the substantive law for arbitrators to apply to the arbitral case.  In fact, the provision goes on to *reaffirm* the Fund's immunity: "[S]ubmission of a claim or dispute to arbitration . . . shall not be considered to be a waiver of the immunities of the [Fund]."  ECF No. 1-1 at 59.  Thus, this reference to D.C. law can hardly be said to expressly waive the Fund's immunity.  *See Nyambal*, 772 F.3d at 188 (concluding Fund did not waive immunity); *Polak*, 657 F. Supp. 2d at 120–22 (same).[1]

Finally, the key case cited by Sacks on this point, *C & L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe of Ok.*, 532 U.S. 411 (2001), is readily distinguishable.  There, the contract at issue between an Indian tribe and a contractor provided that arbitral awards could be "reduced to judgment 'in accordance with applicable law in any court having jurisdiction thereof,'" and the Court held that the contract waived the tribe's sovereign immunity.  *C & L Enters.*, 532 U.S. at 418–19.  But the contract between Sacks and the Fund contains no similar provision conveying jurisdiction on a court; rather, the reference to District of Columbia law

---

[1] Sacks attempts to distinguish *Nyambal* and *Polak* by pointing out they are tort cases, ECF No. 6 at 5, but does not explain why that distinction is relevant.  Although those cases did arise from alleged torts, both courts considered whether the Fund had waived its immunity from suit by contract.

applies only to the "arbitral case." ECF No. 1-1 at 59. And unlike the contract in that case, the one at issue here specifically reaffirms the Fund's immunity. Perhaps for that reason, neither party has brought to the Court's attention any case in which a court has held that the Fund waived its immunity though the terms of a contract.

## IV.    Conclusion

For all the above reasons, Defendant's Motion to Dismiss, ECF No. 4, will be granted. The case will be dismissed for lack of subject-matter jurisdiction. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 26, 2021